UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
CARLTON DOUGLAS, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                      Plaintiff,                      **COMPLAINT**

       -against-                    **Docket No.: 18-cv-5789**

ANTHEM PRODUCTIONS, LLC d/b/a ANTHEM        Jury Trial Demanded
SOUND, STAGE, AND LIGHTING, and ADVANCED
AUDIO TECHNOLOGY, LLC d/b/a ANTHEM SSL, and
EVAGGELOS POULOS a/k/a ANGELO POULOS,
individually, and JOSEPH LODI, individually,
and JASON OJEDA, individually,

                      Defendants.
--------------------------------------------------------------------------X

CARLTON DOUGLAS, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs" as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against ANTHEM PRODUCTIONS, LLC d/b/a ANTHEM SOUND, STAGE, AND LIGHTING ("Anthem"), and ADVANCED AUDIO TECHNOLOGY, LLC d/b/a ANTHEM SSL ("AAT"), and EVAGGELOS POULOS a/k/a ANGELO POULOS ("Poulos"), individually, and JOSEPH LODI ("Lodi"), individually, and JASON OJEDA ("Ojeda"), individually, (all, collectively where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

1

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - an audio, video, intelligent lighting, and effects company, that company's successor-in-interest, and their respective principal shareholders and day-to-day overseers - - as an audio technician from in or around April 2014 to on or about August 28, 2017.

3. As described below, throughout his employment, Defendants willfully failed to pay Plaintiff, an hourly employee, all of the wages lawfully due to him under the FLSA and the NYLL. Specifically, for the entirety of his employment, Defendants required Plaintiff to routinely work, and Plaintiff did in fact work, in excess of forty hours each week, or virtually each week, but Defendants, pursuant to their company policy, only paid Plaintiff his overtime rate of one-and-one-half times his straight-time rate for all hours that he worked each week after forty-five, and not for all hours worked after forty as the FLSA and NYLL require. Defendants also failed to provide Plaintiff with any wage notice at hire or with accurate wage statements on each payday as the NYLL requires.

4. Defendants paid and treated all of their hourly employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and supporting regulations on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Anthem was and is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 15 Dock Street, Mount Vernon, New York 10550. Defendant Anthem is registered with the New York State Department of State to receive service at 500 Mamaroneck Avenue, Suite 505, Harrison, New York 10528.

11. At all relevant times herein, Defendant AAT was and is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 3505 Rombouts Avenue, Bronx, New York 10475. Defendant AAT is registered with the New York State Department of State to receive service c/o Joseph Lodi at 500 Mamaroneck Avenue, Suite 503, Harrison, New York 10528.

12. From at least January 16, 2013 until the present, Defendant Poulos was and is the owner, president, and Chief Executive Officer of Defendant Anthem. Defendant Poulos manages and oversees the day-to-day operations of Anthem, and was and is ultimately responsible for all matters with respect to determining Anthem's employees' rates and methods of pay and hours worked. Furthermore, Defendant Poulos had and exercised the power to hire and fire and approve all personnel decisions with respect to Anthem's employees.

13. From the beginning of all relevant times herein until December 31, 2015, Defendant Poulos was also one of the owners, president, and Chief Executive Officer of Defendant AAT. During that time, Defendant Poulos, along with Defendants Lodi and Ojeda, managed and oversaw the day-to-day operations of AAT, and was responsible for all matters with respect to determining AAT's employees' rates and methods of pay and hours worked. Furthermore, Defendant Poulos, along with Defendants Lodi and Ojeda, had and exercised the power to hire and fire and approve all personnel decisions with respect to AAT's employees.

14. From the beginning of all relevant times herein until December 31, 2015, Defendant Lodi was one of the owners, shareholders, and partners of Defendant AAT. Defendant Lodi, along with Defendants Poulos and Ojeda, managed and oversaw the day-to-day operations of AAT, and was responsible for all matters with respect to determining AAT's employees' rates and methods of pay and hours worked. Furthermore, Defendant Lodi, along with Defendants Poulos and Ojeda, had and exercised the power to hire and fire and approve all personnel decisions with respect to AAT's employees.

15. From the beginning of all relevant times herein until December 31, 2015, Defendant Ojeda was one of the owners, shareholders, and partners of Defendant AAT. Defendant Ojeda, along with Defendants Poulos and Lodi, managed and oversaw the day-to-day operations of AAT, and was responsible for all matters with respect to determining AAT's employees' rates and methods of pay and hours worked. Furthermore, Defendant Ojeda, along with Defendants Poulos and Lodi, had and exercised the power to hire and fire and approve all personnel decisions with respect to AAT's employees.

16. On or about January 1, 2016, Defendants Lodi and Ojeda sold their ownership shares of AAT to Defendant Poulos, who then merged AAT's business into Anthem.

17. Defendant Anthem, as the successor entity of Defendant AAT, assumed liability for all debts, legal obligations, and claims against Defendant AAT.

18. Defendant Anthem continued to employ Plaintiff and all other persons employed as audio technicians by AAT at the time of the sale, and Anthem has continued and continues to provide its audio services to AAT's customers.

19. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA, NYLL, and NYCRR. Additionally, Defendants Anthem's and AAT's

qualifying annual business exceeded and exceeds $500,000, and each was and Anthem still is engaged in interstate commerce within the meaning of the FLSA as each employed and Anthem still employs two or more employees and conducts business across state lines, as evidenced by their businesses that service clients at venues, clubs, and event locations outside of New York, including Florida, California, Nevada, Illinois, and Texas. Furthermore, all of Defendants' employees, including Plaintiff and FLSA Plaintiffs, are required, on a daily or near daily basis, to serve customers who come from out-of-state and are routinely required to travel across state lines, at least once a month, to install and service sound systems for out-of-state clients. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## **COLLECTIVE ACTION ALLEGATIONS**

20.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former hourly employees, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation, as well as liquidated damages, which are legally due to them ("FLSA Plaintiffs").

21.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid

the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

22. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so. Thus, all FLSA Plaintiffs are victims to Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

23. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on the behalf of those who are similarly situated whom, during the applicable limitations period, Defendants also subjected to violations of the NYLL and NYCRR.

24. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

25. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former hourly employees of Defendants who, at any time during the applicable NYLL limitations period, performed any work for Defendants within the State of New York ("Rule 23 Plaintiffs").

7

<u>Numerosity</u>

26.     During the NYLL Statutory Period Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

27.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 Class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked and work in excess of forty hours per week; (4) whether Defendants failed or fail to pay Rule 23 Plaintiffs at the statutorily required rate of one and one-half times their respective regular rates of pay for all hours worked in excess of forty hours in a workweek; (5) whether Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information that NYLL § 195(3) requires; (6) whether Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage notices upon hire containing the information that NYLL § 195(1) requires; (7) whether Defendants kept and maintained accurate records of hours that Rule 23 Plaintiffs worked; (8) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (9) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and the NYCRR; and (11) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

28. As described in the "Background Facts" section below, Defendants employed and/or employ Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as hourly employees, and Defendants failed and fail to: (1) pay them overtime pay at one and one-half times their straight-time wage for all hours worked in a week over forty; (2) provide them with accurate wage statements on each payday; and (3) provide them with any wage notice upon hire.

29. Plaintiff and Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and NYCRR. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

### Adequacy

30. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff at the statutorily required rate of one and one-half times his regular hourly wage for all hours worked over forty in a week, did not furnish Plaintiff with accurate wage statements on each payday, and did not furnish Plaintiff with a wage notice upon hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will

be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subject to the treatment alleged herein.

31. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

32. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

33. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for these same violations. Thus, separate litigation would risk inconsistent results.

34. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

35. Subject to the time periods pertaining to the transferring of ownership between the two entity Defendants as explained above in the paragraphs below, Defendants Anthem and AAT are two privately-owned entities that install(ed), lease(d), and perform(ed) maintenance services on special effects equipment, servicing venues, clubs, and events throughout New York City, primarily in Manhattan, as well as out-of-state locations such as Florida, California, Nevada, Illinois, and Texas.

36. From the beginning of all relevant times herein until on or about January 1, 2016, Defendants Poulos, Lodi, and Ojeda owned, operated, and/or managed Defendant AAT, overseeing its operations on a daily basis, and were ultimately responsible for all matters with

respect to hiring, firing, and disciplining AAT's employees, as well as determining employees' rates and methods of pay and hours worked.

37. From at least January 16, 2013 to the present, Defendant Poulos has owned, operated, and/or managed Defendant Anthem, overseeing its operations on a daily basis, and being ultimately responsible for all matters with respect to hiring, firing, and disciplining Anthem's employees, as well as determining employees' rates and methods of pay and hours worked.

38. On or about January 1, 2016, Defendants Lodi and Ojeda sold their ownership shares of AAT to Defendant Poulos, who then merged AAT's business into Anthem, which as the successor entity of Defendant AAT, assumed liability for all debts, legal obligations, and claims against it.

39. Defendants employed Plaintiff to work as an hourly audio technician first at AAT and then at Anthem, collectively, from in or about April 2014 to on or about August 28, 2017. Defendants Poulos, Lodi, and Ojeda hired him. Throughout his employment, Plaintiff's primary duties consisted of installing audio systems, sound systems, and point of sale systems at business venues, clubs, and restaurants throughout New York as well as out of state.

40. From the start of his employment in April 2014 until in or around August 2015, Defendants AAT, Poulos, Lodi, and Ojeda paid Plaintiff a straight-time rate of $20.00 per hour and an overtime rate of $30.00 per hour for hours worked in excess of forty-five per week.

41. From in or around September 2015 until his termination in or around December 2017, first Defendants AAT, Poulos, Lodi, and Ojeda, and then after the sale, Defendants Anthem and Poulos paid Plaintiff a straight-time rate of $24.00 per hour and an overtime rate of $36.00 per hour for hours worked in excess of forty-five per week.

42. Throughout his employment, Defendants usually required Plaintiff to work, and Plaintiff did work, from forty-five to sixty hours per week from 6:00 or 7:00 a.m. to at least 5:00 p.m. each day, for at least five days a week. Occasionally, when completing complex installation projects, Defendants required Plaintiff to work, and Plaintiff did work, as many as seventy to ninety hours in a week.

43. By way of example only, during the week of December 5 through December 11, 2016, Defendants required Plaintiff to work, and Plaintiff did work, five days, for at least fourteen hours each day, for a total of 70.90 hours.

44. In exchange for his work, Defendants paid Plaintiff, as they paid all FLSA Plaintiffs and Rule 23 Plaintiffs pursuant to the same policy or practice, overtime at the rate of time and one-half his straight-time rate only for those hours that Plaintiff worked per week in excess of forty-five. Thus, for the hours that Plaintiff worked per week between forty and forty-five, Defendants paid Plaintiff at his straight-time rate only. This occurred during each week of Plaintiff's employment.

45. For example, during the week of December 5 through December 11, 2016 when, as described above, Plaintiff worked 70.90 hours, Defendants should have paid Plaintiff for forty hours at his straight time rate of $24.00, or $960.00, and for 30.9 hours at his overtime rate of $36.00, or $1,112.40, for a total of $2,072.40 for this week. Yet, instead, for this week, Defendants paid Plaintiff for forty-five hours at his straight hourly wage, or $1,080.00, and 25.9 hours at his overtime hourly rate, or $900.00, for a total of $2,012.40, which is $60.00 less than what Plaintiff should have received for that workweek.

46. By way of a second example, during the week of September 21 through September 27, 2015, Defendants required Plaintiff to work, and Plaintiff did work a total of sixty hours and

12

forty-five minutes. For this work, Defendants should have paid Plaintiff for forty hours at his straight time rate of $24.00, or $960.00, and for twenty hours and forty-five minutes at his overtime rate of $36.00, or $747.00, for a total of $1,707.00 for this week. Yet, Defendants paid Plaintiff for forty-five hours at his straight hourly wage, or $1,080.00, and fifteen hours and forty-five minutes at his overtime hourly rate, or $567.00, for a total of $1,647.00, which, as in the above paragraph, is $60.00 less than what Plaintiff should have received for that workweek.

47. Defendants paid Plaintiff on a weekly basis.

48. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his straight and overtime pay for all hours worked for that week, computed at the proper rates of pay for every hour worked.

49. Upon hire, Defendants failed to provide Plaintiff with any wage notice, let alone one containing that accurately contained, *inter alia*, the rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances claimed, or the regular pay day on which he would be paid.

50. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

51. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

52. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

53. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

13

54. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

55. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

56. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

57. Defendants willfully violated the FLSA.

58. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

59. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

62. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

63. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

65. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

66. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

68. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing all of the criteria required under the NYLL.

69. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

70. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

71. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

73. As described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with any wage notice at hire, let alone an accurate wage notice containing all of the criteria enumerated under the NYLL.

74. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

75. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

**DEMAND FOR A JURY TRIAL**

76. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State Laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs, for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs and expenses, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
June 26, 2018

Respectfully summited,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
DONG PHUONG V. NGUYEN (DN 7326)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)