UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CARLTON DOUGLAS, on behalf of himself,   :    Civil Action No. 18-cv-5789
Individually, and on behalf of all others similarly   :    (VEC)
Situated    :
    :
    Plaintiff,    :
    :
    - against -    :
    :
ANTHEM PRODUCTIONS, LLC d/b/a ANTHEM :
SOUND, STAGE, AND LIGHTING, and    :
ADVANCED AUDIO TECHNOLOGY, LLC    :
d/b/a ANTHEM SSI, and EVAGGELOS POULOS :
individually, and JOSEPH LODI, individually,    :
and JASON OJEDA, individually    :
    :
    Defendants.    :
---------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR
CONDITIONAL CERTIFICATION, LEAVE TO DISTRIBUTE NOTICE, DISCLOSURE
OF CONTACT INFORMATION, AND EQUITABLE TOLLING PURSUANT TO
29 U.S.C. § 216(b)**

MORITT HOCK & HAMROFF LLP
*Attorneys for Defendants Anthem*
   *Productions, LLC, Advanced Audio*
   *Technology, LLC, Evaggelos Pouos and*
   *Joseph Lodi*
1407 Broadway, 39th Fl.
New York, New York 10022
(212) 239-2000

## TABLE OF CONTENTS

Page

1. PRELIMINARY STATEMENT ........................................................................1

2. BACKGROUND ............................................................................................1

3. PROCEDURAL HISTORY AND PERTINENT FACTS .................................2

4. ARGUMENT...................................................................................................3

    I.   The Conditional Collective Should be Limited in Time and Should only
         Include Similarly Situated Employees ...............................................................3

        A. The Conditional Collective Should be Limited in Time. ..............................3

        B.  The Conditional Collective Should be Further Limited to Similarly Situated
           Employees. .............................................................................................5

    II.  The Content of Plaintiff's Proposed Notice is Improper, and the Court
          Should Direct the Parties to Work Together to Submit a Proper Notice....................6

5.   CONCLUSION ...............................................................................................9

# TABLE OF AUTHORITIES

Page

**Cases**

*Benavides v. Serenity Spa NY Inc.,*
166 F. Supp. 3d 474 (S.D.N.Y. 2016).................................................................6, 7

*East Texas Motor Freight System, Inc. v. Rodriguez,*
431 U.S. 395 (1977)...............................................................................................4

*Gen. Tel. Co. of the Southwest v. Falcon,*
457 U.S. 147 (1982)...............................................................................................4

*Gustafson v. Bell Atl. Corp.,*
171 F. Supp. 2d 311 (S.D.N.Y. 2001). ..................................................................8

*Guzelgurgenli v. Prime Time Specials, Inc.,*
883 F. Supp. 2d 340 (E.D.N.Y. 2012) ...............................................................7, 8

*Helmert v. Butterball, LLC,*
No. 4:08-CV-00342, 2009 U.S. Dist. LEXIS 116460 ............................................5

*Hoffmann-La Roche Inc. v. Sperling,*
493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)......................................6

*Keawsri v. Ramen-Ya Inc.,*
2018 U.S. Dist. LEXIS 936 (S.D.N.Y. Jan. 2, 2018)............................................3

In *Maddison v. Comfort Sys. USA (Syracuse),*
2018 U.S. Dist. LEXIS 16090 (N.D.N.Y. Feb. 1, 2018) .......................................5

*Racey v. Jay-Jay Cabaret, Inc.,*
 2016 U.S. Dist. LEXIS 67879 .............................................................................7, 8

*Ramos v. Platt,*
No. 1:13-CV-8957-GHW, 2014 U.S. Dist. LEXIS 100549,
2014 WL 3639194, at *5 (S.D.N.Y. July 23, 2014) ..............................................6

*Roach v. T.L. Corp.,*
No. 3:10-CV-0591, 2015 U.S. Dist. LEXIS 177286 ..........................................4, 5

*Schlesinger v. Reservists Committee to Stop the War,*
418 U.S. 208(1974)................................................................................................4

Upadhyay v. Sethi,
2012 U.S. Dist. LEXIS 107084 (S.D.N.Y. 2012). ..........................................................8

**Statutes**

29 U.S.C. § 216(B) ............................................................................................................2

## PRELIMINARY STATEMENT

Defendants Anthem Productions, LLC d/b/a Anthem Sound, Stage, and Lighting ("Anthem"), and Advance Audio Technology, LL d/b/a Anthem SSI ("AAT"), Evaggelos Poulos, individually, and Joseph Lodi, individually (collectively, "Anthem Defendants")[1] do not oppose a limited FLSA collective action notice being sent to similarly situated employees, but do oppose the proposed notice that Plaintiff has submitted and his overbroad proposed distribution. The notices should only be sent to (i) full-time employees, (ii) who were "off-site workers", as explained in the accompanying affidavit of Angelo Poulos.  The notice should be for only Fair Labor Standards Act ("FLSA") collective certification purposes and all references to New York state law should be removed.  Further proposed corrections to the notice are detailed below. Further, the notice should only go to the Anthem Defendants' site workers who worked from August 29, 2015 (the date 3 years prior to the date Plaintiff filed the Complaint) through and including August 28, 2017 (the last date Plaintiff alleges he worked for the Anthem Defendants).

## BACKGROUND

The core Complaint allegations are straightforward.  Plaintiff alleges that he worked at Anthem from April 2014 through August 28, 2017. (Compl., ¶¶ 2, 39.)  Plaintiff admits that he was paid for overtime hours worked in excess of forty-five hours each workweek, but claims that he was not paid overtime for hours worked in excess of 40 but fewer than 45 hours in a given workweek. (Compl., ¶¶ 3, 41, 44.)

Although the Complaint does not state this expressly, it is clear that the dispute in this case is whether Plaintiff, and any similarly-situated employees, worked through their lunch hour from time to time and, if so, whether this was included as working time for overtime purposes.

---

[1] Defendnt Jason Ojeda is separately represented.

1

Plaintiff's counsel previously represented another employee, Anthony Collins, arguably similarly-situated to Plaintiff, who settled his claim after trial (no decision was rendered) and therefore will not be a party in this case. Similarly, Plaintiff alleges that he often was required to work through his lunch break. (Douglass Aff., ¶ 8.)  Plaintiff alleges that Defendants' failure to pay these overtime wages violated his rights under the FLSA and the New York Labor Law ("NYLL").  Plaintiff also asserted violations of just the NYLL.  These include: alleged failure "to provide Plaintiff with any wage notice at hire or with accurate wage statements on each payday as the NYLL requires." (Compl., ¶ 3; *see also* ¶ 49.)

In terms of his actual job duties, Plaintiff avers that he worked "as an hourly audio technician" at both Anthem and AAT. (Compl., ¶ 40.)  Plaintiff alleges that his "primary duties consisted of installing audio systems, sound systems, and point of sale systems at business venues, clubs, and restaurants throughout New York as well as out of state." (Compl., ¶ 40.)

## PROCEDURAL HISTORY AND PERTINENT FACTS

Plaintiff commenced the instant action on August 29, 2918 and filed the instant "Motion for Conditional Certification, leave to Distribute Notice, Disclosure of Contact Information, and Equitable Tolling Pursuant to 29 U.S.C. § 216(B)." (Plaintiff's Notice of Motion, Docket No. 19.)  This Notice of Motion seeks, *inter alia*, an order "[c]onditionally certifying this case as a collective action" but does not seek class certification of Plaintiff's NYLL claims.  The Notice of Motion further asks the Court, *inter alia*, to toll the FLSA statute of limitations period from the date of filing of this motion until the Court rules on it, but makes no mention of the NYLL. (Plaintiff's Notice of Motion, Docket No. 19.)

Plaintiff filed a Declaration in support of the Motion.  The Declaration avers that four other audio technicians, Mr. Collins, "Pedro," "Sean" and "Joe," were treated similarly; Plaintiff

acknowledges that Sean and Pedro were, like Plaintiff, audio technicians and it appears that Mr. Collins and "Joe" were as well. (Douglass Aff., ¶¶ 11, 14; see also the September __, 2018 affidavit of Evaggelos Poulos ("Poulos Aff."), ¶ __.) Notably Mr. Collins previously settled his claims.

## ARGUMENT

The Anthem Defendants agree with Plaintiff that this Court's decision in Ornrat Keawsri v. Ramen-Ya Inc., 2018 U.S. Dist. LEXIS 936 (S.D.N.Y. Jan. 2, 2018) is highly relevant to the instant motion, and provides guidance for many of the issues raised in this motion.

In Keawsri, as in this case, the plaintiff alleged various violations of federal and state labor laws. Also as in this case, the plaintiff moved for condition certification of a collective under the FLSA.[2] Unlike the defendants in Keawsri, the Anthem Defendants do not oppose conditional collective certification, provided that it is limited as set forth below.

### I.   The Conditional Collective Should be Limited in Time and Should Only Include Similarly Situated Employees.

#### A.   The Conditional Collective Should be Limited in Time.

As in Keawsri, while the Complaint alleges NYLL claims, the motion for certification only applies to the Plaintiff's FLSA claim. Because the FLSA limitations period is two years, which is extended to three years in the case of a willful violation, "the Proposed Notice may only reach back to employees who worked as a server three years prior to the commencement of this action." Keawsri, 2018 U.S. Dist. LEXIS 936 at *18 (noting that some courts permit the notice period to extend to six years but following those courts that have limited the notice period to that

---

[2] Plaintiff's Motion is not a model of clarity, but this is how the Anthem Defendants construe it. As noted above, the Motion only alleges collective certification; it does not request class certification. Plaintiff's Motion references the FLSA, but does not reference the NYLL. Nonetheless, Plaintiff's proposed notices do reference New York law. As set forth herein, the Anthem Defendants contend that this is a reason for the Court to direct the parties to discuss the language of the notices. To the extent that the Court construes the Motion as seeking class certification of Plaintiff's NYLL claims, the Anthem Defendants request an opportunity to submit additional papers explaining why such a request should be denied.

permitted by the FLSA.)  Here, as the Complaint was filed on September 28, 2018, the beginning

of the notice period should be September 28, 2015.

The end date for the notice period should be August 28, 2017, the last date Plaintiff

alleges he worked for the Anthem Defendants.  In the class action context, it is well-established

that "a class representative must be part of the class and 'possess the same interest and suffer the

same injury' as the class members."  Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 156

(1982) (quoting East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)).

In East Texas Motor Freight, the Supreme Court held that because, at the time the class was

certified, the named plaintiffs were not qualified for the position of the class members, "they

could have suffered no injury as a result of the alleged discriminatory practices, and they were,

therefore, simply not eligible to represent a class of persons who did allegedly suffer injury."

East Texas Motor Freight, 431 U.S. at 403-4.

Similarly, in Roach v. T.L. Corp., the Eastern District of New York ruled, in the context

of a spread-of-hours claim and rest-break claim that "the time period during which the name

Plaintiffs were employed by Defendants [comprised] the basis for the time frame of the class

action."  Roach v. T.L. Corp., No. 3:10-CV-0591, 2015 U.S. Dist. LEXIS 177286, at *19-20

(E.D.N.Y. 2015) (quoting Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208,

216 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff must

be a part of that class, that is, he must possess the same interest and suffer the same injury shared

by all members of the class he represents.") (citations omitted).  The court noted that even

though the earliest date for the class period was May 19, 2004, six years prior to commencement

on May 19, 2010, because the earliest employed member of the named plaintiffs began working

for the employer in April 2005, and the latest employed member of the named plaintiffs stopped

working for the employer in June 2010, the temporal scope of plaintiffs' claims was restricted from April 2005 to June 2010.  Id.  In Maddison v. Comfort Sys. USA (Syracuse), 2018 U.S. Dist. LEXIS 16090 (N.D.N.Y. Feb. 1, 2018), the court applied the Roach analysis to both class and collective actions, restricting the class allegations to the period of the class representative's employment.  2018 U.S. Dist. LEXIS 16090, at **27-28.[3]

### B.  The Conditional Collective Should be Further Limited to Similarly Situated Employees.

The Anthem Defendants' employees during the relevant time period (September 28, 2015 through August 28, 2017) can be divided into three groups.  The first are the audio technicians and other employees who went to customers' business sites to work ("off-site employees").  Anthony Collins, "Pedro," "Sean" and "Joe" all appear to have been site employees.  (Poulos Aff.)  These employees generally worked full-time.  (Poulos Aff.)  The Anthem Defendants agree that these offsite employees should receive an appropriately drafted collective notice.

The second group worked in the office/warehouse location ("office employees").  While also generally full-time employees, the office employees reported to a different supervisor and worked at a different location.  (Poulos Aff.)  There are no factual allegations (although there are conclusory legal allegations that the Court should disregard) that the office employees were subject to the same alleged practice of having to work through their lunch hour.  In fact, they were not.  (Poulos Aff.)  Therefore, the office employees are not similarly situated and should not receive collective notices

---

[3] For this reason, Plaintiff's request for injunctive request should be stricken.  *See, e.g.,* Helmert v. Butterball, LLC, No. 4:08-CV-00342, 2009 U.S. Dist. LEXIS 116460, at *27 (E.D. AK 2009) (striking plaintiffs' claim for injunctive relief where none of the named plaintiffs remained employed because, without employment, ""none of the named plaintiffs has a personal stake in obtaining an injunction or declaratory judgment." Helmert, 2009 U.S. Dist. LEXIS 116460, at *27.

The third group are employees who worked part-time.  (Poulos Aff.)  The Complaint makes no FLSA allegations regarding the part-time employees, and therefore they should not receive class notices.  The part-time employees worked at the central office/warehouse location and did not work off-site.  They are thus also not within the group of approximately 7 total employees (since 2014) that worked off-site -- the group to which the named plaintiff belongs.

## II.  The Content of Plaintiff's Proposed Notice is Improper, and the Court Should Direct the Parties to Work Together to Submit a Proper Notice.

As this Court explained in Keawsri:

> "The form of notice and its details are left to the broad discretion of this Court." Ramos v. Platt, No. 1:13-CV-8957-GHW, 2014 U.S. Dist. LEXIS 100549, 2014 WL 3639194, at *5 (S.D.N.Y. July 23, 2014) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) ("We confirm the existence of the trial court's discretion, not the details of its exercise.")).

Keawsri, 2018 U.S. Dist. LEXIS 936 at *17-18.  In Keawsri, the Court directed that references to the NYLL be removed, as "references to state claims may be confusing and are, in any event, superfluous" given that there were no NYLL claims in the case.  Keawsri, 2018 U.S. Dist. LEXIS 936 at *20.  Here, Plaintiff's proposed notice contains references to the NYLL -- not part of the collective and should be removed.

There are other deficiencies with the notice as well.  First, the notice purports to apply to all hourly employees, rather than only to the full-time site employees.  Second, the notice purports to cover all such employees employed "at any time between June 26, 2015 and the present" (Dong Dec., Exs. 5-6); for the reasons set forth above this is overbroad.

Third, the consent forms should include defendants' counsel's contact information, along with an explanation to not contact defendants' counsel if the recipient decides to join the litigation.  Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 476 (S.D.N.Y. 2016) (collecting cases) ("The Court agrees with other "courts in this Circuit, [which] have generally

concluded" that the contact information of defendants' counsel "is appropriate for inclusion in a notice of collective action.")   Plaintiff's request that the Anthem Defendants produce this information within 14 days should also be rejected.  *See* <u>Keawsri</u>, 2018 LEXIS 936 (setting a 21-day period).

Fourth, while Defendants do not oppose Plaintiff's request for an order directing the Anthem Defendants to produce such contact information (consisting of home and mobile telephone numbers, e-mail addresses and dates of employment) as they may have, this request must be limited in important ways.  For the reasons set forth above, the information should be limited to the September 28, 2015 - August 28, 2017 time period.  See <u>Benavides</u>, 166 F. Supp. 3d at 488-89.  Second, there is no basis for Plaintiff's request for information regarding "primary languages spoken," although the Anthem Defendants have no objection to the notice being translated into any language(s) Plaintiff desires, so long as the translation is performed by an independent, licensed translator, and Plaintiff bears the costs for such translation.

Fifth, Plaintiff's request for permission to send "a reminder notice vial mail, email, and text message" is premature, and further crosses the line from permissible follow-up to impermissible badgering.  Courts are split on whether reminder notices are permissible.  *See, e.g.*, <u>Guzelgurgenli v. Prime Time Specials, Inc.</u>, 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012) (collecting cases); *see also* <u>Racey v. Jay-Jay Cabaret, Inc.</u>, 2016 U.S. Dist. LEXIS 67879 (S.D.N.Y. May 23, 2016) (collecting cases).   In <u>Guzelgurgenli</u>, the court took a pragmatic approach to the issue:

> Based on the Court's review of the prevailing cases, it appears that most plaintiffs do not request permission to send reminder notices, and that there has been no great harm resulting from this practice. The Plaintiffs have not identified any reason why a reminder notice is necessary in this particular case. Accordingly, the Court denies the Plaintiffs' request to send a reminder notice, without prejudice to renew their request if they find that the circumstances deem it necessary.

<u>Guzelgurgenli</u>, 883 F. Supp. 2d at 357.  Similarly, in this case, Plaintiff has not identified any reason based on the facts of this case why a reminder notice is necessary.  Accordingly, the Anthem Defendants respectfully request that his request to send a reminder notice be denied, without prejudice to renew his request.  To the extent that the Court does permit a reminder notice, it should be limited to a paper notice sent near the end of the opt-in period, not electronic communications.  <u>Racey</u>, 2016 U.S. Dist. LEXIS 67879, at *31.

Finally, the Court should reject Plaintiff's request for equitable tolling or, in the alternative, limit it.  Plaintiff has not alleged that the Anthem Defendants sought to conceal any information that members of the collective would need to be aware of their rights.  In addition, equitable tolling is inappropriate in this case because all of the members of the collective are or should be aware of whether or not any time they spent working during their lunch break was credited as working time.  As the late Judge Conner explained:

> [P]laintiff fails to show that defendants concealed any facts that would entitle him to relief under the FLSA or New York Labor Law. In his deposition testimony, plaintiff acknowledges his understanding that he was treated as an independent contractor for purposes of payment and compensation. (Pl. Dep. at 112-13.) There is no suggestion in the record that defendants attempted to conceal this fact from him. Furthermore, it is clear that plaintiff knew the *facts* that would comprise a cause of action under either the FLSA or New York law (that he was receiving straight pay for overtime) even if he did not know that he had a legal claim under those statutes. There is thus no basis for applying the doctrine of equitable tolling.

<u>Gustafson v. Bell Atl. Corp.</u>, 171 F. Supp. 2d 311 (S.D.N.Y. 2001).  *See also* <u>Upadhyay v. Sethi</u>, 2012 U.S. Dist. LEXIS 107084 (S.D.N.Y. 2012).  In the alternative, any equitable tolling should be limited solely to off-site workers employed from September 28, 2015 to August 28, 2017.

## CONCLUSION

Plaintiff's motion for collective action certification should be denied to the extent set forth above, and the Court should direct the parties to confer to submit a proposed notice for the Court's review.

Dated: New York, New York
      September 17, 2018

MORITT HOCK & HAMROFF LLP
*Attorneys for Defendants*

By: _____
*Attorneys for Defendants*Anthem
*Productions, LLC, Advanced Audio*
*Technology, LLC, Evaggelos Pouos and*
*Joseph Lodi*
1407 Broadway, 39th Fl.
New York, New York 10022
dschrader@moritthock.com

9