UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CARLTON DOUGLAS, on behalf of himself, : Civil Action No. 18-cv-5789
Individually, and on behalf of all others similarly : (VEC)
Situated :
  :
            Plaintiff, :
  :
     - against - :
  :
ANTHEM PRODUCTIONS, LLC d/b/a ANTHEM :
SOUND, STAGE, AND LIGHTING, and :
ADVANCED AUDIO TECHNOLOGY, LLC :
d/b/a ANTHEM SSI, and EVAGGELOS POULOS :
individually, and JOSEPH LODI, individually, :
and JASON OJEDA, individually :
  :
            Defendants. :
---------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Paykin Krieg & Adams, LLP
Attorneys for Defendants
10 Grand Central
155 East 44th Street, 6th Floor
New York, New York 10577
(347) 879-2345

# TABLE OF AUTHORITIES

**Cases**                                                                                                                **Page**

*Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504 (S.D.N.Y. 2012)..................10

*Barcroft Media, Ltd. v. Fashion In Me, Inc.*, 2018 WL 4565889 (S.D.N.Y. Jun. 5, 2018)............9

*Chopen v. Olive Vine, Inc.*, 2015 WL 1514390 (E.D.N.Y. Mar. 13, 2015) ............................10, 11

*Cisneros v. Schnipper Restaurant LLC*, 2014 WL 67235 (S.D.N.Y. Jan. 8, 2014).........................8

*Dajbabic v. Rick's Café*, 995 F. Supp. 2d 210 (E.D.N.Y. 2014) ...................................................10

*Filo Promotions, Inc. v. Bathtub Gins, Inc.*, 311 F. Supp. 3d 645 (S.D.N.Y. 2018).......................9

*Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020) ............................................................8

*Gamero v. Koodo Sushi Corp.*, 328 F.Supp.3d 165 (S.D.N.Y. 2018).......................................7, 10

*Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000) ...............................6, 8

*Hernandez v. Professional Maintenance & Cleaning Contractors, Inc.*,
   2015 WL 128020 (E.D.N.Y. Jan. 8, 2015)...............................................................................9

*The Independence Project, Inc. v. Ventresca Bros. Construction Co., Inc.*,
   397 F. Supp. 3d 482 (S.D.N.Y. 2019)..................................................................................6, 7

*Lopez v. Poko-St. Ann L.P.*, 176 F. Supp.3d 340 (S.D.N.Y. 2016) ................................................8

*Pla v. Renaissance Equity Holdings LLC*, 2014 WL 113721 (S.D.N.Y. Jan. 13, 2014) ................8

*Luciano v. Olstein Corporation*, 925 F. Supp. 956 (E.D.N.Y. 1996) ............................................9

*Ramirez v. Benares Indian Restaurant LLC*, 2015 WL 926008 (S.D.N.Y. Mar. 4, 2015) .............8

*Sanchez v. DPC New York Inc.*, 381 F. Supp. 3d 245 (S.D.N.Y 2020)........................................10

*Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170 (2d Cir. 2009) .....................................................6

*Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135 (S.D.N.Y. Mar. 20, 2014)...........................8

*Wong v. Hunda Glass Corp.*, 2010 WL 3452417 (S.D.N.Y. Sep. 1, 2010) ..................................10

# TABLE OF CONTENTS

    **Page**

Preliminary Statement ..................................................................................................................1

Statement of Facts ........................................................................................................................1

Legal Argument ............................................................................................................................6

Conclusion ..................................................................................................................................11

## PRELIMINARY STATEMENT

Defendants Anthem Productions, LLC d/b/a Anthem Sound, Stage, and Lighting ("Anthem"), Advanced Audio Technology, LLC d/b/a Anthem SSI ("AAT"), Evvaggelos Poulos ("Poulos"), Joseph Lodi ("Lodi"), and Jason Ojeda ("Ojeda") (together "the Defendants") acting by and through their counsel, Pakyin Krieg & Adams LLP, submit this memorandum of law in opposition to the motion of plaintiff Carlton Douglas ("Douglas" or "Plaintiff") for attorneys' fees of his counsel, Borrelli & Associates, P.L.L.C. (the "Borrelli Firm"). As set forth herein, the Borelli Firm request of 24,300.50 in counsel fees – 152% of the $16,000 accepted Offer of Judgment – is not only excessive and unreasonable – but it is outright preposterous.

The amount sought in this application is not only disproportionate to the amount of the settlement – but the Borrelli Firm outright failed to reveal in its fee application that it handled the *identical* case against the same defendants on behalf of another plaintiff employee just a year earlier in an action entitled *Collins v. Anthem*, Case No. 1:17 cv 01567 (S.D.N.Y.) (the "Prior Anthem Litigation")  In addition to having handled the identical case, plaintiffs in the current case (the Carlton Douglas case) entered into a separate settlement with another defendant, Jason Ojeda for a total of $2,000 – *inclusive* of attorneys' fees. Of this settlement, $771 of the settlement (or 38.55%) was the attorneys' fee component with the balance being distributed to the plaintiff and two opt-in plaintiffs. As set forth below, the Borrelli Firm's fees should be limited to $6,168 (which is 38.55% of the Offer of Judgment amount) and is consistent with the percentage awarded in connection with the Ojeda settlement.

## STATEMENT OF FACTS

Plaintiff commenced this action by filing his Summons and Complaint on June 26, 2018. The Complaint asserts claims under the Fair Labor Standards Act and New York Labor Law for Plaintiff, and any similarly situated employees, who certain days a week and allegedly worked

through a portion of their lunch hour without being paid overtime.

Just one year earlier in 2017, the Borrelli Firm filed the Prior Anthem Litigation (*Collins v. Anthem*, Case No. 1:17 cv 01567).  The complaint in this prior action was virtually identical to the complaint in the current action asserting almost verbatim the same claims—simply substituting a new named plaintiff in the current action.  See Complaint, Prior Anthem Litigation (DN-1).  Not only was the complaint in the Prior Anthem Litigation the same, but the Borrelli Firm had fully developed discovery on behalf of Collins in that prior action and the case has tried in a bench trial on February 5, 2018 before Judge William H. Pauley.  A copy of a Transcript of the trial proceeding can be found at Prior Anthem Litigation (DN-29) (see also minute entry on February 5, 2018).1  After trial, the *Collins* action was settled for an agreed settlement of $6,061 inclusive of attorneys' fees of $3,030.  This $3,030 award of attorneys' fees included all work undertaken in connection throughout the entire case, including discovery, trial preparation and the trial.  A copy of the motion approving the settlement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2nd Cir. 2015) can be found at Prior Anthem Litigation (DN-28).

In the current action, the parties attempted to mediate the case and mediation failed to resolve the dispute.  Notwithstanding, on January 21, 2020, the case was resolved.  Plaintiff accepted Defendants' Rule 68 Offer of Judgment in the amount of $16,000.00, exclusive of attorneys' fees and costs [DN- 61]. The parties were unable to resolve the amount of attorneys' fees to be paid to the Borrelli Firm and that was carved out of the Offer of Judgment.  The Borrelli Firm has filed this fee application seeking attorneys' fees in the amount of $24,300.50.

---

1 Although the Complaint in the Prior Anthem Litigation had also been pled as a collective/class action, the case was tried as to the named individual plaintiff Collins only because the Borrelli firm failed to timely file any motion to certify the collective or the class.

Separate and apart from the Offer of Judgment settling claims against most of the defendants, one defendant Jason Ojeda was not included in the Offer of Judgment and settled separately with the plaintiffs. An application under *Cheeks* was made and approved by the Court. [DN-71] The amount of the Ojeda settlement was a total of $2,000 *inclusive* of attorneys' fees. Of this total settlement of $2,000 - -$771 of the settlement (or 38.55%) was the attorneys' fee component with the balance being split among the named plaintiff and two-opt in plaintiffs. We believe this provides further guidance to a fair amount of fees. The Borrelli Firm's fees should be limited to $6,168 (which is 38.55% of the Offer of Judgment amount) and is consistent with the percentage awarded in connection with the Ojeda settlement.

In addition to the above, the Court should also take notice that this case (Carlton Douglas) is a straightforward wage and hour claim and was extremely limited in nature because the claim were expressly limited to unpaid overtime for a limited class of workers and only for alleged non-payment for a portion of the worker's lunch hour. Testimony from several witnesses, including from a principal of defendants and other witnesses were part of the trial transcript in the Prior Anthem Litigation and was in the possession of the plaintiffs prior to litigating this action. There were also no novel legal or factual issues involved.

While the plaintiffs did file a motion to certify a collective, only two additional parties opted in (the aggregate of their claims is being settled for $16,000 through the Offer of Judgment). Although there was a discovery motion filed, by agreement of the parties, the discovery exchanged in this action was minimal because (a) the plaintiff had extensive information from the Prior Anthem Litigation, and (b) because the parties were able to engage in settlement discussions with a limited exchange of materials – negating the need to exchange further discovery. See Declaration of Jeffrey R. Maguire, Esq. dated March 13, 2020 ("Maguire Dec.") [Dkt. 70] at ¶ 5

As the Court is also aware, the Borrelli Firm is relatively and extremely experienced in handling these FLSA matters. An analysis of the invoices submitted to the Court shows that extensive work is excessive and unnecessary—or that bills were padded and inflated. The Borrelli Firm submits bills showing 90.2 hours of purportedly billable work. There are numerous and significant issues with the Borrelli Firm's invoices.

Michael J. Borrelli billed 8.1 hours of this time at $400 per hour for a total of $3,240. Maguire Dec. ¶ 14 (chart). Except for six (6) entries,[2] Borrelli's time was billed for reviewing court filing confirmations ("receive and review contents of electronic court filing system bounce regarding…") and communicating with attorneys, paralegals and the receptionist. See Fn 2. None of Borrelli's entries exceeded 0.1 hours and Borrelli did not perform any substantive work on this file. Indeed, on June 27, 2018 alone, Borrelli billed 7 entries for simply reviewing ECF bounces at 0.1 hours each at $40 each for a total of $280. Maguire Dec. Ex. A at June 27, 2018. Meanwhile, the Borrelli Firm struck the entries of the junior attorney billing out at $200 per hour for reviewing the same materials. Id.; see also, e.g., entries on July 2, 2018.

Despite having only a single initial named plaintiff in the Complaint – and having handled the *identical* case through to Trial - with the identical complaint in the prior action, the Borrelli Firm reports that it expended 14.2 hours speaking with the Plaintiff, reviewing pay stubs, leaving messages, drafting and revising the Complaint, and reviewing ECF bounces for which the Borrelli Firm seeks to recover $3,205.[3] Of the 39 entries related to the Complaint, 22 are 0.1 hours only.

---

[2] Maguire Dec. Ex. A (Invoices) at June 26, 2018 (2 emails, 0.1 hours each, $40 each); August 31, 2018 (email, 0.1 hours, $40); February 20, 2019 (email, 0.1 hours, $40); January 2, 2020 (email, 0.1 hours, $40); January 10, 2020 (email, 0.1 hours, $40). Total = $240.

[3] Maguire Dec. Ex. A (Invoices) from March 22, 2018 through June 26, 2018.

The Borrelli Firm also expended 13.7 hours to draft the conditional certification motion for which the Borrelli Firm seeks to recover $3,820.[4] This includes three (3) entries by Borrelli for simply reviewing ECF bounces at $40 each, or $120 total.  As we know, the Borrelli Firm specializes in FLSA matters and has handled dozens of similar conditional certification motions

With regard to the Fee Application, the Borrelli Firm expended 5.0 hours for which it seeks to recover $1,534.50.[5]  While drafting this motion, the Borrelli Firm managed to submit a motion without revealing to the Court it's prior handling of an identical case just a few months earlier. The billing for this motion for attorneys' fees, again includes two (2) entries by Borrelli at $40 each ($80 total) for reviewing ECF bounces and three (3) internal conferences at $35 each ($105 total).

Other deficiencies in the fee application are that it includes a request for fees for a substantial number of internal communications among attorneys and paralegals;[6] fees for

---

[4] Maguire Dec. Ex. A (Invoices) at July 12, 2018 (DPV, 1.6 hours, $400); July 20, 2018 (DEM, 0.4 hours, $80); July 26, 2018 (ATC, 0.2 hours, $70); July 27, 2017 (MJB, 0.1, $40); July 30, 2018 (DPV, 1.0 hours, $200); July 30, 2018 (DPV, 0.1 hours, $25); August 10, 2018 (DPV, 2.4 hours, $600); August 22, 2018 (DPV, 1.5 hours, $375); August 23, 2018 (ATC, 0.3 hours, $105); August 24, 2018 (DEM, 2.8 hours, $560); August 28, 2018 (ATC, 2.0 hours, $700); August 29, 2018 (DPV, 0.1 hours, $25); August 29, 2018 (ATC, 0.4 hours, $105); August 29, 2018 (DPV, 1.4 hours, $350); August 29, 2018 (ATC, 0.3 hours, $105); August 29, 2018 (MJB, 0.1 hours, $40); August 29, 2018 (MJB, 0.1 hours, $40); August 29, 2018 (MJB, 0.1 hours, $40); August 29, 2018 (DEM, 0.2 hours, $40).

[5] Maguire Dec. Ex. A (Invoices) at February 27, 2020 (ATC, 0.1 hours, $35); February 27, 2020 (JRM, 1.4 hours, $413); March 5, 2020 (JRM, 1.5 hours, $442.50); March 6, 2020 (ATC, 0.4 hours, $140); March 8, 2020 (JRM, 1.0 hours, $295); March 8, 2020 (JRM, 0.2 hours, $59); March 9, 2020 (ATC, 0.1 hours, $35); March 9, 2020 (ATC, 0.1 hours, $35); March 9, 2020 (MJB, 0.1 hours, $40); March 9, 2020 (MJB, 0.1 hours, $40).

[6] Maguire Dec. Ex. A (Invoices) at March 22, 2018 (DPV, 0.1 hours, $25); May 8, 2018 (DPV, 0.1 hours, $25); May 17, 2018 (DPV, 0.1 hours, $25); June 25, 2018 (DPV, 0.1 hours, $25); June 26, 2018 (MJB, 0.1 hours, $40); July 25, 2018 (ATC, 0.1 hours, $35); July 25, 2018 (DEM, 0.1 hours, $20); July 25, 2018 (ATC, 0.1 hours, $35); July 26, 2018 (DPV, 0.1 hours, $25); July 26, 2018 (ATC, 0.2 hours, $70); July 27, 2018 (MJB, 0.1 hours, $40); July 30, 2018 (DPV, 0.2 hours, $50); July 30, 2018 (DPV, 0.1 hours, $25); July 31, 2018 (DEM, 0.1 hours, $20); August 17, 2018 (ATC, 01. Hours, $35); August 22, 2018 (ATC, 0.1 hours, $35); August 29, 2018 (DPV, 0.1 hours, $25); August 31, 2018 (MJB, 0.1 hours, $40); October 2, 2018 (DPV, 0.1 hours, $25); April 9, 2018 (MJB, 0.1 hours, $40); November 14, 2019 (JRM, 0.3 hours, $88.50); January 2, 2020 (MJB, 0.1 hours, $40); January 7, 2020 (JRM, 0.1 hours, $29.50); February 27, 2020 (ATC, 0.1 hours, $35); March 9, 2020 (ATC, 0.1 hours, $35); March 9, 2020 (ATC, 0.1 hours, $35). Total = $923.

5

administrative matters and inconsequential items such as reviewing filing confirmations[7] and leaving telephone messages.[8] The amount of these entries is detailed in the corresponding footnotes.

The invoices also reflect entries that lack an adequate description of the service performed;[9] and some entries that appear to be doubled billed. See Maguire Dec. Ex. A at June 24, 2019 (JRM, telephone calls to mediator, $29.50 x 2); August 20, 2018 (DPV, email from opposing counsel, $25) and August 21, 2018 (DPV, email from opposing counsel, $25).10

## LEGAL ARGUMENT

In the Second Circuit, "[i]t bears emphasis that whether calculated pursuant to the lodestar or the percentage method, the fees awarded in common fund cases may not exceed what is "reasonable" under the circumstances." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000) (citation omitted). "A presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *The Independence Project, Inc. v. Ventresca Bros. Construction Co., Inc.*, 397 F. Supp. 3d 482, 494 (S.D.N.Y. 2019) *citing Simmons v. N.Y.C.*

---

[7] Maguire Dec. Ex. A (Invoices) at entries for Michael J. Borrelli (MJB).

[8] Maguire Dec. Ex. A (Invoices) at March 23, 2018 (DEM, 0.1 hours, $20); May 3, 2018 (DEM, 0.1 hours, $20); July 18, 2018 (DEM, 0.1 hours, $20); September 12, 2018 (DPV, 0.1 hours, $25); October 3, 2019 (JRM, 0.1 hours, $29.50); December 11, 2019 (JRM, 0.1 hours, $29.50). Total = $144.

[9] Maguire Dec. Ex. A (Invoices) at May 8, 2018 (DEM, 0.1 hours, $20).

10  The Borrelli Firm has failed to include any description of the educational and employment backgrounds of the Borrelli Firm's paralegals, Luiggi Tapia and Pablo Martinez. Maguire Dec. ¶¶ 46-48. Plaintiff seeks fees of $135 for Tapia and $180 for Martinez. Additionally, despite seeking fees for 1.5 hours ($135), the invoices make clear that the Borrelli Firm only billed 0.5 hours on behalf of Tapia ($45).[10] The remaining time is billed as "No Charge."

6

*Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Regardless, no matter which method is chosen, district courts should continue to be guided by the traditional criteria in determining a reasonable common fund fee, including: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger* at 50. Under both methods here, Plaintiff's request for attorneys' fees is excessive and unreasonable given a variety of factors. In this matter, defendants believe that $6,168 is a fair and reasonable number for numerous reasons, which is 38.55% of the Offer of Judgment – a number based off of the attorneys' fees awarded as part of the Ojeda Settlement in this same action..

As a threshold matter, based upon the simplicity of this case – and the fact that the Borrelli Firm litigated the identical case through to trial just one year earlier, it would be unreasonable for the requested fees of $24,000 to be awarded on an accepted Rule 68 Offer of Judgment of only $16,000. Although not prohibited, most courts have found that requested fees in excess of the reasonably expected amount of a recovery would not be reasonable. See, e.g., *Gamero v. Koodo Sushi Corp.*, 328 F.Supp.3d 165, 176 (S.D.N.Y. 2018). Otherwise, the maxim that a "presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively," would be meaningless *The Independence Project, Inc,* .397 F. Supp. 3d at 494. Here additionally, having litigated the identical case previously, the Borrelli Firm had a strong idea as to the value of the case even before filing it. The Borrelli Firm's request for fees amounting to 152% of the Offer of Judgment on a repeat of a case already handled to trial is the epitome of

7

unreasonable.

"Traditionally, in FLSA cases, attorneys' fees are awarded under the "percentage of the fund" method and one-third of the total settlement is normally considered a reasonable fee." Sanchez at 250. Amounts above this are often considered excessive. *See, e.g., Lopez v. Poko-St. Ann L.P.*, 176 F. Supp.3d 340 (S.D.N.Y. 2016) (fees of 40% of award were excessive); *Ramirez v. Benares Indian Restaurant LLC*, 2015 WL 926008 at *2 (S.D.N.Y. Mar. 4, 2015) (40% recovery excessive, circuit approves 30-33%, 30% "more than sufficient" for a relatively simply case); *Pla v. Renaissance Equity Holdings LLC*, 2014 WL 113721 at *2 (S.D.N.Y. Jan. 13, 2014) (fee recovery of 44% of total excessive, 33 1/3% appropriate, insufficient records also).

Indeed, *Goldberger* makes clear that fees on a simple, relatively straight-forward cases as here are typically 20-25% of the total settlement. *Goldberger*, 209 F.3d at 51-53 (25% recovery on common fund cases typical but subject to adjustment, 11-19% recovery is typical in similar cases); *see also Cisneros v. Schnipper Restaurant LLC,* 2014 WL 67235 at *1-2 (S.D.N.Y. Jan. 8, 2014) (40% on simple case excessive, 30-33% typical but 20% more appropriate, ultimately reduced to 25%); *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135 at *2-4(S.D.N.Y. Mar. 20, 2014) (2nd Circuit typically awards 30-33% but 20-25% appropriate for straightforward cases).

The recent decision in *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) does not change the analysis in this case. In *Fisher*, the Second Circuit determined only that a strict proportionality standard between the amount recovered and fees awarded is improper and that a reasonableness analysis should apply under the *Goldberg* factors.. *See Fisher*, 948 F.3d at 603.  As discussed extensively above the fee in this matter is not reasonable under the *Goldberg* factors.

Under this rubric, an appropriate fee in this case is $6,168.  Even if the Court rejects

defendants argument as to this amount of fees, any award of fees should exclude any fees attributable to Mr. Borrelli which almost in entirety relates to reviewing electronic court filings and communicating with other attorneys. None of Borrelli's entries exceeded 0.1 hours and he did not perform any substantive work on this file. The Borrelli Firm should also not be allowed to collect a windfall at Borrelli's higher rate when the exact same task was performed by a junior attorney at a lesser rate (and could have been performed by a paralegal). Reviewing ECF notices to confirm filings does not require any inherent legal acumen and can be accomplished by paralegal. *See Filo Promotions, Inc. v. Bathtub Gins, Inc.*, 311 F. Supp. 3d 645, 651 (S.D.N.Y. 2018) (attorney rate reduced to paralegal rate for performing "clerical" tasks); *Barcroft Media, Ltd. v. Fashion In Me, Inc.*, 16-cv-7574 (LGS) (DF), 2018 WL 4565889 at fn 5 (Jun. 5, 2018) citing Filo (same). If not struck entirely, at a minimum, Borrelli's time should be billed out at the paralegal rate of $90 per hour. See Luciano v. Olstein Corporation, 925 F. Supp. 956, 996 (E.D.N.Y. 1996) (nonlegal work reduced to paralegal rates).

      Billing by the Borrelli Firm at $500 per hour for Michael Borrelli and $400 per hour for Alexander T. Coleman also is unreasonable in the circumstances.[11] Maguire Dec. ¶ 15. A reasonable hourly rate is approximately $350 per hour for attorneys with significant labor and employment law experience, especially where work on a relatively simple matter was performed excessively and unnecessarily. *See, e.g., Hernandez v. Professional Maintenance & Cleaning Contractors, Inc.*, 2015 WL 128020 at *8 (E.D.N.Y. Jan. 8, 2015) (request of $550 per hour

---

[11] There is a discrepancy between the Borrelli Firm's invoices and the Maguire Declaration. While the invoices state a billing rate of $400 for Borelli and $350 for Coleman, the Declaration states $500 for Borelli and $400 for Coleman. *Cf.* Maguire Dec. ¶ 14; Ex. A and Maguire Dec. ¶ 15. A reduction is required as discussed herein to the extent the Borrelli Firm seeks the latter rates.

reduced to $350 for an attorney with "hundreds of labor-law related cases...", $130 for paralegal reduced to $75); *Chopen*, 2015 WL 1514390 at *14-15 (prevailing rate of $300-400/hr is reasonable, small size of Borrelli Firm a factor, fees reduced for excessive work on a routine matter); *Dajbabic v. Rick's Café*, 995 F. Supp. 2d 210 (E.D.N.Y. 2014) ($41,020 attorneys' fees on $58,000 claim settled for $2,000 was excessive; $300 hourly rate, time cut for unnecessary work); Wong, 2010 WL 3452417 at *4 ($350 per hour appropriate for an "uncomplicated" case).

The Borrelli Firm's request for $3,2051 on 14.2 hours billed among attorneys and paralegals to prepare a Complaint that is essentially identical to one prepared just months earlier against the same defendants is unreasonable. Even if the Borrelli firm had not handled the identical case previously, for a firm with extensive experience litigating wage and hour matters, the Borrelli Firm spent an inordinate amount of time preparing the Complaint, which was relatively simple and did not present any novel legal issues. *See, e.g., Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 175-76 (S.D.N.Y. 2018) (award of 3.5 hours for drafting complaint, "Precisely because Mr. Faillace has such extensive experience in filing and prosecuting wage and hour complaints, the Court rejects as unreasonable the 7.4 hours allocated to preparing and filing the Complaint in this matter.").

For this same reason, the Borrelli Firm's request for $3,820 on 13.7 hours to draft the conditional certification motion, another $635 on 2.3 hours to draft a letter to the Court regarding relatedness, and $1,534.50 on 5.0 hours for the fee motion is unreasonable. (Discussed more extensively above). The Borrelli Firm's request for $923 for simple internal communications among counsel and paralegals should be discarded. *See Sanchez v. DPC New York Inc.*, 381 F. Supp. 3d 245, 252 (S.D.N.Y 2020) citing Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d

10

504, 509 (S.D.N.Y. 2012) (time billed for internal meetings between attorneys assigned to case to be excessive).

An additional factor that also requires a downward modification is that the Borrelli Firm is relatively small. *Chopen v. Olive Vine, Inc.*, 2015 WL 1514390 at *14-15 (E.D.N.Y. Mar. 13, 2015) (small size of firm a factor).

## CONCLUSION

For the reasons set forth above, the Borrelli Firm's request for attorneys' fees should be limited to $6,168.

Dated: New York, New York
       April 10, 2020

                              PAYKIN KRIEG & ADAMS, LLP
                              Attorneys for Defendants

                              By: *David Schrader*
                                  David A. Schrader, Esq.
                              10 Grand Central
                              155 East 44th Street, 6th Floor
                              New York, New York 10017
                              dschrader@pka-law.com
                              (347) 879-2345